O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON HOWARD, an individual,<br><br>            Plaintiff,<br><br>  v.<br><br>FED EX FREIGHT, a California corporation,<br><br>            Defendant. | Case No. CV 13-09049 DDP (ASx)<br><br>**ORDER TO SHOW CAUSE RE: AMOUNT IN CONTROVERSY** |

    Removing Defendant Fed Ex Fright is ordered to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction.  Defendant removed this employment action to this court on the basis of diversity jurisdiction. District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a).  Plaintiff's complaint, however, does not specify a particular amount of damages.  Under such circumstances, Defendant bears the burden of establishing, by a preponderance of the evidence, that the amount

in controversy exceeds the jurisdictional minimum. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

It is not clear to the court that the amount in controversy in this matter exceeds $75,000. Defendant estimates that Plaintiff is seeking approximately $51,000. (Notice of Removal at 6.) The basis of that calculation is somewhat unclear, as the notice of removal appears to misstate the relevant time period. (<u>Id.</u> at n.1.)

Defendant appears to suggest that punitive damages and attorney's fees place the amount in controversy above the $75,000 threshold. (<u>Id.</u> at 6-7.) "When the amount in controversy depends largely on alleged punitive damages, the court will scrutinize a claim more closely" to be certain jurisdiction exists. <u>Lange v. State Farm Mut. Auto. Ins. Co.</u>, 2009 WL 322835, at *1 (C.D. Cal. 2009) (internal quotation and citation omitted). While a party asserting diversity jurisdiction may refer to other jury verdicts to bolster its claims regarding punitive damages, those verdicts must involve facts analogous to the case at hand. <u>Faulkner v. Astro-Med Inc.</u>, 1999 WL 820198 at *4 (N.D. Cal. 1999). Here, Defendant gives examples of cases where punitive damage awards exceeded $75,000, but has not adequately explained how the claims and fact patterns in those cases are similar to this case.

Attorney's fees may be included in the amount in controversy if recoverable by statute or contract. <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155-56 (9th Cir. 1998). no attempt to estimate reasonable attorney's fees in this case. Instead, Defendant states, without any support, that, with attorney's fees

included, "the amount in controversy in this action plainly exceeds $75,000." (Id. at 7.)

    Accordingly, the court orders Defendant to file a brief, not to exceed five pages, within 10 days of the date of this order, showing cause why this action should not be remanded for lack of jurisdiction. Defendant should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles. The court will regard any failure to file an explanatory brief as consent to remand this matter.

    IT IS SO ORDERED.

Dated: February 18, 2014

                                  DEAN D. PREGERSON
                                  United States District Judge